# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| THE LAW OFFICES OF PHILLIPS AND BORDALLO, P.C., | CIVIL CASE NO. 22-00020 |
| Petitioner, | |
| vs. | **ORDER RE MOTION TO REMAND** |
| LOURDES A. LEON GUERRERO, in her official capacity as I Maga'hagan Guahan, EDWARD M. BIRN, in his official capacity as Director of the Department of Administration, Government of Guam, and the GOVERNMENT OF GUAM, | |
| Respondents. | |

Before the court is Petitioner The Law Offices of Phillips & Bordallo, P.C.'s Notice of Objection to Removal; Notice of Motion to Remand (ECF No. 7) (the "Motion"). For the reasons stated herein, the court **GRANTS** the Motion.

Petitioner filed a Petition for Alternative and Peremptory Writs of Mandate; Declaratory Relief; Reissuance or Redemption of Certificate of Claim (the "Petition") in the Superior Court of Guam on April 7, 2022. Attach., ECF No. 1. Therein, Petitioner alleges that Section 6404(d) of Title 5 of the Guam Code Annotated, also known as the COLA Relief Act, required the government of Guam to issue a Certificate of Claim to Petitioner for fifty percent of the amount

1

awarded to it as representatives in a successful class action suit against the government of Guam. Pet. ¶ 2, ECF No. 1. Petitioner further alleges that Defendant Edward M. Birn denied Petitioner's efforts to redeem its Certificate of Claim. *Id.* ¶ 19.[1]

Respondents received notice of the Petition on July 26, 2022. *Id.* Respondents timely filed a Notice of Removal on August 16, 2022. ECF No. 1 (the "Notice"). Petitioner timely filed the Motion on September 15, 2022. *See* ECF No. 7.

The Notice asserts federal question jurisdiction based on Petitioner's claims under 48 U.S.C. § 1421b(e)–(f) & (n) and Petitioner's use of certain statutory language and invocation of the United States Constitution. Not. ¶¶ 2–9, ECF No. 1.

The Petition requests a Peremptory Writ of Mandate under 7 Guam Code Ann. § 31204, and declaratory relief, and alleges a "Violation of Due Process" under 48 U.S.C. § 1421b(e), (f), (n), and (u) and that "Equity Favors the Reissuance of Redemption of Petitioner's Certificate of Claim." Pet. ¶¶ 6, 58, 63, 66–68, 70, 75–76, 90, ECF No. 1.

Petitioner's Motion requests remand to the Superior Court of Guam because of a lack of subject-matter jurisdiction. *See* Mem. at 1, ECF No. 5.[2]

## I. LEGAL STANDARDS

### a. Removal

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction and their authority is carefully circumscribed by the Constitution and Congress. *Alcala v. Holder*, 563

---

[1] A full discussion of the underlying facts can be found in *L. Offs. of Phillips & Bordallo, P.C. v. Birn*, 2021 WL 2229037, at *1–*3 (D. Guam June 2, 2021), *appeal dismissed sub nom. Phillips & Bordallo, P.C. v. Birn*, 2021 WL 6197129 (9th Cir. Oct. 6, 2021).

[2] The page citations throughout this order are based on the page numbering provided by the CM/ECF system.

F.3d 1009, 1016 (9th Cir. 2009). Federal courts "are not free to expand [their] jurisdiction to review a decision Congress has placed outside [their] purview." *Id.* For this reason, the removal statute must be strictly construed.

The Ninth Circuit has held that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). Since the removal statute is strictly construed against removal jurisdiction, the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

### b. Federal Question Jurisdiction

Section 1331 of Title 28 of the United States Code governs federal question jurisdiction and provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.[3] "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983)).

---

[3] This court has the jurisdiction of "a district court." 48 U.S.C. § 1424(b) ("The District Court of Guam shall have the jurisdiction of a district court of the United States.").

3

### c. Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## II. DISCUSSION

### a. Federal Question Jurisdiction

None of the parties allege that there is diversity jurisdiction in this case. It must be determined then whether any of Petitioner's claims "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). In order to determine whether there is federal question jurisdiction, the court must determine whether the federal laws "create[] the causes of action" Petitioner asserts in its Petition, or whether its right to "relief necessarily depends on resolution of a substantial question" of these laws. *See Empire Healthchoice Assur., Inc.*, 547 U.S. at 689–90.

#### i. Mandamus Claim, Declaratory Relief Claim, & "Equity" Claim

Respondents have only alleged subject-matter jurisdiction based on Petitioner's Violation of Due Process Claim in their Notice of Removal. Not. ¶¶ 2–8, ECF No. 1. In the Notice, Respondents only allege supplemental jurisdiction over Petitioner's mandamus, declaratory relief, and "equity" claims. *Id.* ¶ 9.

However, Respondents argue in their Opposition to Motion to Remand that, because there are statutory and common law defenses to these claims, they are not "independent state law claims capable of granting [Petitioner] the relief sought." Opp'n at 19, ECF No. 9. The fact that there is a defense, much less a non-federal law defense, to a state law claim does not transform it

4

into a federal claim. Respondents seem to be arguing that, because Petitioner's claims would not succeed in the Guam courts, Petitioner must have invoked Guam territorial law as part of a 42 U.S.C. § 1983 claim. The lack of merit of a claim cannot morph it into a claim that presents a substantial federal question. *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1234 (9th Cir. 2015) ("[A]s a general matter, 'the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction.'") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). The Petitioner never cites to § 1983 at any point, let alone in the paragraphs dedicated to the mandamus or declaratory relief. *See* Fed. R. Civ. P. 10(b).[4] "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals, Inc.* v. *Thompson*, 478 U.S. 804, 809, n.6 (1986).

In any case, Respondents have the burden to establish subject-matter jurisdiction on removal. The theory of federal subject-matter jurisdiction based on the mandamus, declaratory relief, or "equity" claims was not presented in the Notice. Notices of removal may be supplemented with additional *evidence* through briefing on a motion to remand, *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069–70 (9th Cir. 2021); *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019), but new *legal bases* of jurisdiction may not be supplemented. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.") (internal quotation omitted).[5]

---

[4] There is only one paragraph of the Petition that feasibly could be interpreted as referring to § 1983. That is Paragraph 72, which states, "While performing the acts complained of below, Director Birn subjected Petitioner to conduct occurring under color of state law, and this conduct deprived Petitioner of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution." Pet., ECF No. 1. This paragraph appears to recite the elements of a § 1983 claim without actually citing to § 1983. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The mandamus claim and declaratory relief claim incorporate preceding paragraphs in the Petition, but Paragraph 72 follows those claims and is therefore not incorporated into them. *See* Pet. ¶¶ 38, 59, & 72, ECF No. 1. The equity claim, as stated above, was not alleged as a basis for federal subject-matter jurisdiction in the Notice.

[5] Even if the Notice alleged federal question jurisdiction based on the mandamus and declaratory relief claims, the

5

### ii. *Violation of Due Process Claim*

The Notice alleges federal question jurisdiction based on the Violation of Due Process claim. Not. ¶¶ 2–8, ECF No. 1. The Violation of Due Process section of the Petition contains four separate claims against Respondents under four subsections of the Bill of Rights of the Organic Act of Guam (48 U.S.C. § 1421b). They are for (1) "depriv[ation] of life, liberty, or property without due process of law," under 48 U.S.C. § 1421b(e); (2) the taking of "private property . . . without just compensation" under 48 U.S.C. § 1421b(f); (3) "discrimination . . . on account of race, language, or religion," or the denial of "the equal protection of the laws" under 48 U.S.C. § 1421b(n); and (4) violations of Constitutional rights under 48 U.S.C. § 1421b(u). Pet. ¶¶ 66–68 & 7–72. Federal Rule of Civil Procedure 10(b) states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Although Petitioner consolidated its four Organic Act claims into one count, the court will consider only the claims under the subsections alleged as bases for subject-matter jurisdiction in the Notice. *See* discussion *supra* Sec. II.a.i. Those are the claims under § 1421b(e), (f), and (n). Not. ¶¶ 2–5, ECF No. 1.

In order for there to be federal question jurisdiction based on claims brought under § 1421b(e), (f), or (n), at least one of these subsections must be a law "of the United States." *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . *of the United States*.") (emphasis added). Not all statutes passed by Congress are laws "of the United States." *Dyer v. Abe*, 138 F. Supp. 220, 228, *rev'd on other*

---

court would not find it has original jurisdiction over them. In pleading its claim for a writ of mandamus, Petitioner cites only to 7 Guam Code Ann. § 31204. Pet. ¶ 6, ECF No. 1. Petitioner does not cite to any federal statute authorizing the issuance of a writ of mandamus. Petitioner "may avoid federal jurisdiction by exclusive reliance on state law," which it has done here. *Caterpillar*, 482 U.S. at 392. In pleading its claim for declaratory relief, Petitioner does not cite to any statute whatsoever. However, the requested declaration would determine the validity of Petitioner's Certificate of Claim under Guam law. Pet. ¶ 63, ECF No. 1. In *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086 (9th Cir. 2002), the Ninth Circuit held that there was no federal question jurisdiction over an action seeking the declaration of the rights of the parties under a Guam law. *Id.* at 1089. Petitioner's claim for a declaratory judgment similarly seeks a resolution of Guam law and cannot support federal question jurisdiction.

6

*grounds* 256 F.2d 728 (9th Cir. 1958) ("Congress does not have to provide a federal forum for every statutory right it creates."). "Whether a law passed by Congress is a 'law of the United States' depends on the meaning given to that phrase by its context." *Puerto Rico v. Rubert Hermanos, Inc.*, 309 U.S. 543, 549 (1940).

Congress passed the Organic Act of Guam pursuant to the second clause of Article IV, Section 3 of the Constitution, which is known as "the Territorial Clause." In determining whether laws passed by Congress pursuant to the Territorial Clause are laws "of the United States," courts have taken different approaches. The Supreme Court of the Virgin Islands found that the Bill of Rights of its respective Organic Act was not a law "of the United States" because it was enacted pursuant to Article IV instead of Article I of the Constitution.

> [I]t is well-established in the precedents of the Supreme Court of the United States and the federal courts of appeal that whether Congress enacts legislation pursuant to its Article I or Article IV powers is of important constitutional significance, for while laws enacted by Congress in its capacity as a national legislature pursuant to its Article I powers are considered "laws of the United States," laws enacted by Congress through invocation of its Article IV powers are not, but rather serve as laws of the territory, with Congress standing in place of a state government.

*Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1071–72 (V.I. 2019). The Supreme Court of the Virgin Islands explained further, "The Bill of Rights provisions in the Revised Organic Act are local law rather than federal law, in that though enacted by Congress, the protections apply only within the borders of the Virgin Islands and were never designed to have general protection throughout the United States." *Id.* at 1090.

When Hawaii was still a territory and governed by its own Organic Act, the federal district court for Hawaii found that a section of its Organic Act was not a law "of the United States" because it concerned local policy *and* because it did not concern "fundamental rights":

> [A]n examination of the Organic Act [of Hawaii] reveals that § 55 should not be considered a federal statute for purposes of jurisdiction. The Organic Act may be a law of the United States, although limited in geographic scope. Whether it is a law within the meaning of § 1983 and § 1343(3) depends upon the particular provision

7

> involved. In construing the Organic Act of Puerto Rico, the Supreme Court held
> that where a section is concerned with local policy, it would be better to construe it
> as local law over which federal courts should not take direct jurisdiction. Section 55
> is in this category. It does not concern fundamental rights unless wrongly used.

*Dyer*, 138 F. Supp. at 229.

No court has considered whether the Bill of Rights of the Organic Act of Guam contains laws "of the United States," although criminal provisions in an early version of the Organic Act of Guam were found to be local laws "distinguish[able] from [] law[s] of general application throughout the United States." *Gov't of Guam v. Kaanehe*, 137 F. Supp. 189, 190 (D. Guam 1956). The cases agree that laws concerning local policy are not laws "of the United States." *Dyer* and *Balboni* are in disagreement over whether the geographic scope of the law should be considered. *Kaanehe* seems to side with *Balboni*, in contrasting the criminal provisions of the Organic Act with "laws of general application throughout the United States." None of these cases are binding on this court, but as *Kaanehe* interpreted Guam's Organic Act, the court considers it persuasive authority and will consider geographic scope in determining whether § 1421b(e), (f), and (n) are laws "of the United States."

The Organic Act of Guam functions as Guam's constitution. *Republican Party of Guam*, 277 F.3d at 1089; *Haeuser v. Dep't of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) ("The Organic Act serves the function of a constitution for Guam."). When territories have their own, locally-ratified constitutions, those constitutions are treated like state constitutions and claims made under them are not considered federal claims.

> There is . . . a difference between the direct application of a Constitutional provision
> to an insular area either by its own force or by federal statute and the situation where
> the protection is contained only in the local Bill of Rights. In the former case, the
> Constitutional protection can be vindicated in the federal courts, in the latter
> situation, the only local courts [sic] would have jurisdiction over the controversy.

U.S. Gen. Accounting Off., GAO/HRD-91-18, U.S. Insular Areas: Applicability of Relevant Provisions of the U.S. Constitution (1991), Appx. IV at 70; https://www.gao.gov/assets/hrd-91-

8

18.pdf (last visited July 28, 2023); *see, e.g.*, *Mora v. Mejias*, 206 F.2d 377, 382 (1st Cir. 1953) ("It is true, the Constitution of the Commonwealth of Puerto Rico contains a due process clause, which will be authoritatively interpreted and applied by the Supreme Court of Puerto Rico as a matter of local law.").

Although Guam's Bill of Rights was passed by Congress and not ratified by the people of Guam, "[T]he Organic Act of Guam is a federal statute concerning *only* Guam." *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1427 (D. Guam 1990), *aff'd* 962 F.2d 1366 (9th Cir.), *cert. denied,* 506 U.S. 1011 (1992). Additionally, although "Guam is not a state . . . . the principles of federalism which underlie federal-state judicial relations apply equally to federal-Guamanian relations." *Western Sys. v. Ulloa*, 958 F.2d 864, 868 n.5 (9th Cir. 1992).

In *Limtiaco v. Camacho*, 549 U.S. 483 (2007), the U.S. Supreme Court held that it did not need to defer to the Supreme Court of Guam's interpretation of a provision of the Organic Act of Guam:

> Finally, the Governor mistakenly argues that we owe deference to the Guam Supreme Court's interpretation of the Organic Act. *It may be true that we accord deference to territorial courts over matters of purely local concern.* This case does not fit that mold, however. The debt-limitation provision protects both Guamanians and the United States from the potential consequences of territorial insolvency. Thus, this case is not a matter of purely local concern. Of course, decisions of the Supreme Court of Guam, as with other territorial courts, are instructive and are entitled to respect when they indicate how statutory issues, *including the Organic Act*, apply to matters of local concern. On the other hand, the Organic Act is a federal statute, which we are bound to construe according to its terms.

*Limtiaco v. Camacho*, 549 U.S. 483, 491–92 (2007) (internal citations omitted) (emphasis added). Although not clearly stated, it appears the Court would defer to an interpretation of the Supreme Court of Guam of a provision of the Organic Act which address a "matter[] of *purely local* concern." The Supreme Court implicitly recognized that territorial courts are best-placed to address matters of local concern, and did not foreclose the possibility that such a matter could be the subject of a provision of the Organic Act.

9

With these principles and case law in mind, the court will evaluate whether each provision of Guam's Bill of Rights alleged in the Notice is a law "of the United States."

1. § 1421b(e) Claim

Section 1421b(e) of Title 48 of the United States Code states, "No person shall be deprived of life, liberty, or property without due process of law." The same language is found in Amendments V and XIV of the Constitution, which are both extended to Guam by § 1421b(u). In 1968, Congress amended the Organic Act of Guam. Guam Elective Governor Act, Pub.L. 90-497, § 10, 82 Stat. 842 (1968). The 1968 changes, known as the Mink Amendment, included an amendment to Guam's Bill of Rights that added subsection (u):

> The following provisions of and amendments to the Constitution of the United States are hereby extended to Guam to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; the first to ninth amendments inclusive; the thirteenth amendment; the second sentence of section 1 of the fourteenth amendment; and the fifteenth and nineteenth amendments.

48 U.S.C. § 1421b(u); *see also Guam v. Guerrero*, 290 F.3d 1210, 1214 (9th Cir. 2002).

> Apart from those provisions that apply to the insular areas of their own force, Congress has introduced other parts of the Constitution into them by legislation. Here again a distinction must be made. Sometimes those provisions have been made applicable *only as a protection against the local government*. *See, e.g.*, the Bill of Rights in the Organic Acts of Guam and the Virgin Islands, 48 U.S.C. §§ *1421b(a)–(t)*; 1561 (except the last two paragraphs). On the other hand, some constitutional provisions have been introduced into those areas *so as to be effective against the federal government*. *See, e.g.*, 48 U.S.C. § *1421b(u)* (Guam).

U.S. Gen. Accounting Off., GAO/HRD-91-18 at 68 (emphasis added). If § 1421b(e) was enacted so as to afford protection only against the government of Guam, it is intended to serve the same function as a state constitutional provision, and as such concerns local policy.

"[W]e must normally seek to construe Congress's work 'so that effect is given to all provisions, so that no part will be inoperative or superfluous, void or insignificant.'" *Ysleta Del Sur Pueblo v. Texas*, 142 S. Ct. 1929, 1939 (2022) (quoting *Corley v. United States*, 556 U.S.

10

303, 314 (2009)). If the Due Process clauses of the Fifth and Fourteenth Amendments were already extended to Guam in their entirety through subsection (e), Congress would have repeated itself by enacting subsection (u). The canon against surplusage thus dictates that subsections (e) and (u) must constitute different rights. Construing the removal statute narrowly and resolving doubt in favor of remand, the court finds that because the right in subsection (u) is explicitly Constitutional, the right found in subsection (e) must then be local.[6] The *Dyer* concept that a law concerning a fundamental right must be a law "of the United States" does not apply here, because the fundamental due process right is already extended to Guam by § 1421b(u). Since § 1421b(e) only applies on Guam and is concerned with protecting persons against a local government, it is not a law "of the United States." Petitioner's claim under § 1421b(e) therefore cannot form the basis for federal question jurisdiction.

### 2. § 1421b(f) Claim

Section 1421b(f) of Title 48 of the United States Code states, "Private property shall not be taken for public use without just compensation." The same language is found in Amendment V of the Constitution, which is extended to Guam by § 1421b(u). For the same reasons as stated above regarding § 1421b(e), §1421b(f) is not a law "of the United States" and Petitioner's claim under § 1421b(f) cannot form the basis for federal question jurisdiction.

### 3. § 1421b(n) Claim

Section 1421b(n) of Title 48 of the United States Code states, "No discrimination shall be made in Guam against any person on account of race, language, or religion, nor shall the equal

---

[6] In *Arroyo v. Puerto Rico Transp. Auth.*, 164 F.2d 748 (1st Cir. 1947), a case distinguishable from this one, the First Circuit determined that a provision of the bill of rights of the Organic Act of Puerto Rico (decided before Puerto Rico's Constitution was ratified and approved by Congress, *see* Statutory Notes, 48 U.S.C. § 731d (1950)) was a law "of the United States" for purposes of federal question jurisdiction. *Id.* at 750. The provision, like § 1421b(u), specifically extended provisions of the U.S. Constitution to Puerto Rico. 48 U.S.C. § 737 ("The rights, privileges, and immunities of citizens of the United States shall be respected in Puerto Rico to the same extent *as though Puerto Rico were a State of the Union and subject to the provisions of paragraph 1 of section 2 of article IV of the Constitution of the United States [USCS Const. Art. 4, § 2]*.") (emphasis added). Subsection 1421b(e) does not refer to the Constitution. As such, *Arroyo* is applicable to subsection (u) and not subsection (e).

11

protection of the laws be denied." There is no equivalent provision of the Constitution to § 1421b(n). *Davis v. Guam*, 785 F.3d 1311, 1314 n.2 (9th Cir. 2015) ("The Organic Act extends the rights afforded by several constitutional provisions to Guam, including the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment and the Fifteenth Amendment. 48 U.S.C. § 1421b(u). The Organic Act also contains its own anti-discrimination provisions. *See, e.g.*, 48 U.S.C. § 1421b(n).") (internal citation omitted); *Guerrero*, 290 F.3d at 1214 n.6 ("Guam's 'Bill of Rights' is patterned after, but not identical to, the federal Bill of Rights. For example, in § 1421b there is no equivalent to the Second Amendment, Fifth Amendment grand jury indictment guarantee, or the Sixth and Seventh Amendment rights to a trial by jury. Furthermore, Guam's 'Bill of Rights' contains provisions not found in the federal Bill of Rights. *See, e.g.*, § 1421b(n) (proscribing discrimination on the basis of race, language, or religion).").

Under *Dyer*, the next question is whether being free from discrimination is a fundamental right. Fundamental rights must be either enumerated in or implied by the Constitution. *Obergefell v. Hodges*, 576 U.S. 644, 663 (2015) ("The identification and protection of fundamental rights is an enduring part of the judicial duty to interpret the Constitution."). While preventing discrimination is the object of several important federal laws,[7] there is no direct constitutional equivalent to these laws.[8] Because § 1421b(n) protects individuals against a far

---

[7] *See, e.g.*, Equal Pay Act of 1963, 29 U.S.C. § 206(d) (prohibiting sex-based wage discrimination); Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634; Rehabilitation Act of 1973, 29 U.S.C. §§ 705, 791, & 794a; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (prohibiting employment discrimination).
[8] Some district courts have found that the right to be free from discrimination is a fundamental right located within the Fourteenth Amendment's guarantee of "equal protection of the law." *See, e.g.*, *McPeters v. Edwards*, 806 F. Supp. 2d 978, 985 (S.D. Tex. 2011). However, the Fourteenth Amendment's protection is limited to protecting individuals from discrimination by governments whereas discrimination by individuals and businesses can only be directly prohibited by statute. *See, e.g.*, *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964) (upholding Title II of the Civil Rights Act of 1964). Congress has clearly enacted such a law in § 1421b(n).

12

broader range of conduct than the protections found in the Constitution, the court cannot find that § 1421b(n) implicates a fundamental right.[9]

The next question is where § 1421b(n) is applicable, and whether it concerns local policy. The language of § 1421b(n) specifies that discrimination is prohibited "in Guam." As such, the language of the statute restricts its applicability to Guam. Discrimination that takes place on Guam is not likely to have direct impact elsewhere in the United States, making such discrimination a matter of local policy. As § 1421b(n) does not implicate a fundamental right, is applicable only on Guam, and concerns local policy, it is not a law "of the United States." Petitioner's claim under § 1421b(n) therefore cannot form the basis for federal question jurisdiction.

4. <u>Distinguishable Cases</u>

It is necessary to distinguish this case from several other cases about the Organic Act of Guam. First, this case is distinguishable from cases in which a local law is in conflict with the Organic Act or the Constitution. In *AG of Guam v. Torres*, 419 F.3d 1017, 1020 n.6 (9th Cir. 2005) *opinion withdrawn as moot, Attorney Gen. of Guam v. Thompson*, 441 F.3d 1029 (9th Cir. 2006), the Ninth Circuit upheld a determination that there was federal question jurisdiction when "the vindication of a right under local law necessarily turns on construction of the Organic Act -- a federal law." In that case, the Attorney General of Guam [sought] to restrain an action of a local official relying on his authority created by local law which [] conflict[ed] with the authority

---

[9] In the Insular Cases the U.S. Supreme Court held that all constitutional rights guaranteed to inhabitants of the several states do not necessarily follow the flag into unincorporated territories. As a corollary to this principle, the Court also held that Congress is constitutionally prohibited from denying fundamental and personal rights in territories. "Doubtless Congress, in legislating for the territories, would be subject to those fundamental limitations in favor of personal rights which are formulated in the Constitution and its amendments . . . ." *Sablan v. Tenorio*, 4 N. Mar. I. 351, 368-369 (quoting *Dorr v. United States*, 195 U.S. 138, 146 (1904)) (internal quotation omitted). The Equal Protection Clause has been held "a fundamental [right] which is beyond Congress' power to exclude from operation in the territory[ies]." *Wabol v. Villacrusis*, 958 F.2d 1450, 1460 (9th Cir. 1992). However, the court cannot interpret the reference to "equal protection of the laws" in § 1421b(n) as extending the Fourteenth Amendment Equal Protection right to Guam because that right is explicitly extended to Guam by § 1421b(u), and to interpret multiple subsections of § 1421b as extending the same constitutional rights to Guam would violate the canon against surplusage, as discussed above.

13

provided to the Attorney General under the Organic Act. *Id.* The section of the Organic Act of Guam at issue in *Torres* was 48 U.S.C. § 1421g(d). Where a Guam law is in conflict with a federal law, a federal question is presented. *See also Everlasting Dev. Corp. v. Descartes*, 192 F.2d 1, 6 (1st Cir. 1951) ("Of course, in so far as the controversy relates to the construction of an insular tax exemption statute, that is not a federal question. But it may be conceded that a substantial constitutional question of equal protection of the laws may arise out of the discriminatory administration of a statute fair on its face."). In this case, however, Petitioner does not seek the invalidation of a Guam law, rather it seeks vindication *under* Guam law.

Second, this case is distinguishable from *Chase Manhattan Bank (Nat'l Asso.) v. South Acres Dev. Co.*, 434 U.S. 236 (1978). There is dicta in that case stating, "there is nothing in the legislative history of § 1421b(u) to suggest that Congress intended that provision to have any effect on the Guam District Court's original jurisdiction." *Id.* at 239. However, *Chase Manhattan Bank*'s analysis was only focused on whether this court lacked *diversity* jurisdiction, never specifically addressed federal question jurisdiction.[10] It is therefore distinguishable.

Third, this case is distinguishable from *Guam v. Guerrero*, 290 F.3d 1210 (9th Cir. 2002), in which the Ninth Circuit held that Guam courts could not interpret Guam's Bill of Rights differently from how the U.S. Supreme Court interprets its corresponding Constitutional rights. In its decision, the Ninth Circuit emphasized that Guam's Bill of Rights "is a federal statute . . . not a local law." *Id.* at 1214. The Ninth Circuit concluded, "[A] territorial court lacks the authority to interpret a federal statute or federal constitutional provision contrary to the interpretation the U.S. Supreme Court has given it." *Id.* at 1217–18.

---

[10] *Chase Manhattan Bank* was decided before the 1984 Amendments to 48 U.S.C. § 1424(b) that aligned this court's jurisdiction with that of district courts of the United States. Pub. L. No. 98-454, § 801, 98 Stat. 1732, 1741 (1984). The original jurisdiction of this court is now equivalent to other federal district courts.

14

*Guerrero* is about § 1421b(a), a provision of Guam's Bill of Rights which is not at issue in this case. Moreover, *Guerrero* is distinguishable from this case because it addresses a different question than the one answered here. Whether the Bill of Rights of the Organic Act may be interpreted by Guam courts differently from the Bill of Rights found in the Constitution is a separate issue from whether Guam's Bill of Rights are laws "of the United States" under § 1331. The Ninth Circuit rejected the defendant's theory that, through §1421b(a) and § 1421b(u), "Congress provided Guam two layers of religious protection, one federal and one subject to local interpretation *that cannot fall beneath the floor of federally protected rights*." *Id.* at 1218 n.11 (emphasis added). It did not however, foreclose the possibility that Guam's Bill of Rights enumerates local rights that, because of Guam's status as a territory, must be construed by Guam's courts in lockstep with their federal counterparts. Ultimately, the substantive interpretation of § 1421b(a) does not control the jurisdictional issues concerning § 1421b(e), (f), and (n) in this case.

### iii. Apparent § 1983 Claim

The Notice alleges federal question jurisdiction based on a what appears to be a claim under 42 U.S.C. § 1983. Not. ¶ 7, ECF No. 1. Paragraphs 71 and 73 of the Petition make only passing and vague references to the Constitution. "[S]tate law claims cannot be alchemized into federal causes of action by incidental reference" to federal law. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (explaining that "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.")). Respondents' theory is that Petitioner necessarily "invoke[d] determination of a federal question appropriate for adjudication through the vehicle of 42 U.S.C. § 1983," although the Petition

15

never cites to § 1983 and instead repeatedly invokes § 1421b of the Organic Act. The references to the Constitution and "federal law" in Paragraphs 71 and 73 on their own are insufficient to support federal question jurisdiction.[11]

Similarly, Paragraphs 75 and 76 of the Petition reference "due process," however, there is nothing in the Petition to suggest that the "due process" referenced is Constitutional as opposed to the statutory due process set forth in 48 U.S.C. § 1421b(e). As discussed *supra* Section II.a.ii.1, these are discrete rights that may not be conflated by this court. *Cf. Hammonds v. Guam Memorial Hosp.*, Civ. Nos. 81-003A, 81-00048A, 1983 WL 30221, at *4 (D. Guam. App. Div. Apr. 4, 1983) (unpublished) ("If a case may be resolved on either constitutional or statutory grounds, a court should avoid the constitutional issue if a statutory disposition is possible . . . . Therefore, without reaching appellants' constitutional arguments, we hold that the [Guam statute] violates the due process guarantees of the Guam Organic Act.").

Paragraph 72, however, recites the elements for a § 1983 claim, and is incorporated into the "equity" claim which specifically states that "Petitioner only seeks prospective relief." Pet. ¶ 81, ECF No. 1.[12] State courts have concurrent jurisdiction with federal courts over § 1983 actions. *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980). However, § 1983 is a law "of the United States" and claims brought under it may be removed to federal court. "[A] plaintiff's mere citation to a federal statute does not create a federal question." *Salman v. Arthur Andersen LLP*, 375 F. Supp. 2d 1233, 1237 (D.N.M. 2005). Here, we have the opposite. Petitioner appears to have pled a § 1983 claim without actually citing to § 1983.

This is not, as Respondents argue, a case of artful pleading and preemption. *See* Opp'n at

---

[11] There is nothing in the Petition indicating that Petitioner's reference to the Constitution was meant to signify anything beyond a reference to the *Guerrero* interpretational rule that judicial interpretation of the rights embodied in the Organic Act must not deviate from their Constitutional counterparts.

[12] A prior effort at litigating this case in this court by Petitioner resulted in dismissal based on a failure to allege an ongoing violation of constitutional rights for which Petitioner sought prospective relief. *See L. Offs. of Phillips & Bordallo, P.C.*, 2021 WL 2229037, at *6.

16

23–25, ECF No. 9. Petitioner has not pled some Guam-version of § 1983 that is also preempted by § 1983. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057–58 (9th Cir. 2018) (discussing preemption and the artful pleading doctrine). Petitioner cannot be said to have carefully avoided the appearance of a federal question, because it pled the violation of "rights, privileges, or immunities guaranteed under *federal* law or the *U.S. Constitution*. Pet. ¶ 72, ECF No. 1 (emphasis added). On its face, Paragraph 72 pleads a federal cause of action that can form the basis for federal question jurisdiction.

As stated *supra* in footnote 1, however, this dispute was already before this court on a § 1983 claim in Civil Case No. 20-00018. In that case, the complaint was dismissed because Petitioner did not allege an ongoing violation of his constitutional rights for which it sought prospective relief. This omission placed Petitioner's claim outside the scope of the *Ex parte Young* doctrine, which provides the only avenue to avoid the Eleventh Amendment bar against claims for injunctive relief for § 1983 actions. *L. Offs. of Phillips & Bordallo, P.C.*, 2021 WL 2229037, at *6. The claim in this Petition suffers from the same defect. As in that case,

> No matter how Petitioner pitches it, a court order upholding the "validity" of his Certificate of Claim inevitably leads to Petitioner attempting to use that court order to force Respondents to pay him a sum certain amount of money, which stems from a single, past decision to reject the Certificate. Thus, Petitioner is seeking relief tied to retroactive damages, and thus outside the scope of the type of relief contemplated by the *Ex parte Young* doctrine, and thus the court finds that the Amended Complaint does not allege a cognizable § 1983 claim for which relief may be granted.

*Id.* Although Petitioner purports to "only seek[] prospective relief," Pet. ¶ 83, ECF No. 1, the relief sought is the same as in the prior case—a declaration of the validity of Petitioner's Certificate of Claim, which is necessarily retroactive. As such, this claim, like the claim in the prior case, does not fall under the *Ex parte Young* exception and therefore does not state a § 1983 claim. "A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v.*

17

*Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). This court has already ruled on the same type of claim based on the same facts. Nothing in the Petition remedies the prior deficiencies, and nothing could. The relief sought is retrospective, and no other type of relief would obtain the result Petitioner seeks—to redeem its Certificate of Claim. As such, the § 1983 claim is hereby DISMISSED.

### b. Supplemental Jurisdiction

Respondents allege that this court has supplemental jurisdiction over the remaining non-federal claims. Not. ¶ 9, ECF No. 1. Section 1367(a) of Title 28 of the United States Code states,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

However, Section 1367(c)(3) states, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."

The only claim over which this court had original jurisdiction has been dismissed. As such, the court declines to exercise jurisdiction over all of Petitioner's remaining claims. The Motion to Remand is hereby GRANTED, and the Petition is remanded to the Superior Court of Guam.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Aug 09, 2023**